FILED

2003 OCT 30 P 3:22

US DISTRICT COURT
BRIDGEPORT CT

David Waters # 141241
Docket no 3:02cv2031-DJS-TPS

Warden v.
Brien v. Murphy et al

## Standard of Review
## Matter of Law

1. This is a 1983 civil action filed by a prisoner at BCC 1106 north AVE Bpt. conn 06604. who is seeking compensatory damages relief Based on False Disciplinary report that denial of Procedural Due Process of law." in this motion The plaintiff seeks summary Judgment on his claims. Arising from the denial of Due Process.

2. Statement Fact
As set forth in the accompanying declaration of the Plaintiff, David Waters # 141241 I was convicted of serious prison Disciplinary, Hearing officer stated

David Watcos # 141241
Docket no 3O2CV 2031-DJS-TPS
 v.
Warden Brian K. Murphy etal

standar of review
matter of law

3.
She could not take my word over staff, then when confronted with staff witness statements. She told me the staff statements Dont help me or Hurt me. She refuse to call the plaintiff staff witness.

Prisoner have the right to call witness when it is not "unduly hazardous to Institutional safety or correctional goals" Wolff v. McDonnell, 418 U.S. 539, 566, 94 S. Ct. 2963 (1974)

This reckness Indifference to actual Facts amounts to the kind of blanket Policy or action denying staff witness That the courts have repeatedly struck down

David Waters # 141241
Docket no# 302cv2031 - DJS - TPS
   v,
Warden Brian K, Murphy et al

standard of review
matter of law

4, As violating Due process, Forbes v, Trigg, 976 F.2d 308, 716-17 (7th cir, 1992); McFarland v, Cassady, 779 F.2d 1426, 1428 (9th cir. 1986); King v, Wells, 760 F2d 89, 93 (6th cir 1985); McCann v, Coughlin, 698 F.2d 112, 122-23 (2d cir. 1983)

The witness are not Irrelevant or unnecessary, They all were in position to see and hear all of the Incident. In the counselor office on 7-12-02 And they never supported counselor False Disciplinary report (?)

Court have repeatedly held that the Refusal to call witness with Personal knowledge of the incident In Question denies Due process,

David Waters # 141241
Docket no# 302cv2031 - DSS-TPS
     vs
Warden Brian K. Murphy et al

standard of review
matter of law

5. Fox v. Coughlin, 893 F.2d 475, 478 (2d Cir 1990) this is especially so when a prisoner faces a credibility problem trying to disprove the charges of a prison guard; Bonner v. Kerby, 936 F.2d 1102, 1104 (10th Cir 1991) and when the Hearing officer refuse to hear any witness corroborating the accused Inmate, Graham v. Baughman, 772 F.2d 441, 445 (8th Cir 1985). Green v. Nelson, 442 F. Supp. 1047, 1057 (D Conn. 1977) Both of which apply to this case,

David Waters #141241
Docket no 3:02cv2031 - DJS-TPS
V.
Warden Brian K. Murphy et al

Slander of review
Matter of law

6. The conduct of the plaintiff Disciplinary Hearing by Defendant Lt. D.H.O. Murray Denied him the Due Process of law.

When Prison officials subject Inmates to serious punishment Like punitive segregation, they must observe the Safeguards of Due Process, Wolff v. McDonnell, 418 U.S. 539, 556-59, 94 S.ct. 2963 (1974) Gilbert v. Frazier, 931 F 2d 1581, 1582 (7th Cir 1991)

David Waters # 141241
Docket no# 3:02cv2031 - DJS-TPS
v.
Warden Brian K. Murphy et al

standard of review
matter of law

7. Due process forbids officials to convict prisoners of disciplinary offenses unless there is some evidence to support the charges, Superintendent v. Hill, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985). In this case, There was no evidence to support the charge.

8. Green v. Ferrell, 801 F.2d 765 (5th cir 1986) (Punitive actions always implicates a Liberty Interest because the requirement of guilt is a substantive limit on officials discretion); Sher v. Coughlin, 739 F.2d 77, 81 (2.d cir. 1984. state statutes and regulations authorizing Restrictive confinement as punishment upon a finding of Disciplinary Infraction

David Waters # 141241
Docket no# 3:02cv2031 - DSS - TPS
           v,
Warden Brian K. Murphy et al

Stander of review
matter of law

q, will invariably provide sufficient limitation on the discretion of Prisone officials to create a liberty Interest") (Emphasis supplied). See also Conner v, Sakai, 15 F.3d 1463, 1466 (9th cir. 1994) (regulations. Requiring either admission or evidence of a Rule violation to segregate A Prisoner created a liberty Interest), Cert. granted — US. — (1994). Todaro v, Bowman, 872 F.2d. 43, 48-49 (3d cir 1989) (regulation barring Punishment unless an Inmate Broke the Disciplinary rules, combined with mandatory Procedural regulations, created a liberty Interest Protected by Due Process).

David Waters #141241
Docket no# 3:02cv2031 - DJS - TPS
    vs
Warden Brian K. Murphy et al

standard of review
matter of law

10. Defendant Brian K. Murphy, did not commit the Due Process violations, He became responsible for them when He fail to correct them in the course of his supervisory responsibility. A supervisor who learns of a constitutional violation through a report-Appeal may be held liable for failing to correct it. Williams v. Smith, 781 F.2d 314, 323-24 (2d Cir. 1986) In Particular, Wardens and other high level Prison officials who are Designated to decide Disciplinary appeals have the Duty to conduct at least a "minimal Investigation" when confronted with evidence of Due Process

David Waters #141241
Docket no# 3:02cv2031 - DJS-TPS
    v,
Warden Brian K. Murphy etal

    standard of review
    matter of law";

11, violation, and they may be held liable for failing to perform this duty,

King v, Higgins, 702 F.2d 18, 21 (1st cir) 465 U.S. 965 (1983); accord, Lewis v, Smith, 855 F.2d 736, 738 (11th cir 1988); Gabai v, Jacoby, 800 F.Supp. 1149, 1156 (S.D.N.Y. 1992). Feagin v, Broglin, 693 F.Supp. 736, 740 (N.D. Ind. 1988); Pino v, Dalsheim, 605 F.Supp. 1305, 1319 (S.D.N.Y. 1985). Dyson v, Kocik, 564 F.Supp. 109, 120 (M.D.Pa. 1983) 740 F.2d 956 (3d cir 1984)

David Waters # 141241
Docket no 3:02cv2031 - DJS - TPS
   v.
Warden Brian K. murphy et al

            standard of review
            matter of law".

12.
This case where the Warden Brian K. murphy Personally had a job todo, and he did not do it," and failure todo his job was so likely to result in the violation of the Inmates" rights under the constitutional As to establish not only Deliberate Indifference on his Part but also Reckness Indifference to actual Facts. And with no reasonable ground to Believe that counselor Disciplinary report IS TRUE when all my correctional officer witness statements set forth Contradiction in counselor False Disciplinary report of 7-12-02

Hill v. marshall, 962 F. 2d 1209, 1213-14 (cir 6th. 1992) Reliable Evidence at disciplinary Hearing 920. mcPherson v. mc Bride, 943 F. supp. 971 (nD In 1996)

David Waters #141241
Docket no 3:02 cv 2031 - DJS-TPS
   v.
Warden Brian K. Murphy et al

           Stander of review
           matter of law;

13. Deliberate Indifference by supervisory officials to inmates' constitutional rights is sufficient to establish liability under 42 USC § 1983

Aswegan v. Bruhl, 965 F.2d 676, 677 (8th cir. 1992) Walker v. Norris, 917 F.2d 1449, 1456 (6th cir. 1990).

Deliberately and knowingly false.
 People v. Mangan, 140 misc. 783, 252 NYS 44, 52.  Designedly untrue, W.T. Rawleigh Co v. Brantley

David Waters #141241
Docket no 3:02cv2031-DJS-TPS
      v.
Warden Brian K. Murphy et al

standerd of review
matter of law"

14, Under statutory provision making it unlawful for officer or Director of corporation to make any False statement. In regard to corporations Financial condition, The Phrase means something more than merely untrue or erroneous, but Implies That a statement is desingnedly untrue and Deceitful, and made with Intention to Deceive Person to whom False statement Is made or Exhibited, the Federal Criminal statute Governing False statement Applies To three Distinct offenses: Falsifing, concealing, or covering up Device: making False, Fictitious, or Fraudulent statement or Respresentations, and making or use any False Documents or Writting 18 USCA. 1001

David Waters #146241
Docket no 3:02cv2031-DSS-TPS
    v.
Warden Brian K. Murphy et al.

        Stander of review
        Matter of law."

13. False Facts in the law of evidence.
A Feigned, Simulated, or Fabricated Fact;
A Fact not Founded In truth, but
Existing only in assertion; the
Deceitful semblance of a Fact."
Intentionally untrue, Com v, Kractz
2 mass, App ct. 196, 330 NE 2d 368, 376;
not according to the truth or Reality,
State v, Arnett, 338 mo 907, 92 SW 2d
897, 900. not genuine or real
Uttering Falsehood.
Mississippi Awarded Damages In
Disciplinary Suit 626.

    Dean v, Thomas, 933 F, Supp, 600
(S.D. MS. 1996)

David Waters # 141241
Docket no 3:02cv2031 - DJS-TPS

v.

Warden Brian K. Murphy et al.

standard of review
matter of law?

16,                    Conclusion

For the foregoing reason, the court should grant Partial Summary Judgment on ~~■~~ liability to the Plaintiff on his Due Process claims. The amounts of Damages due to the Plaintiff must be determined at Trail, Patterson v. Coughlin, 905 F.2d 564, 570 (2d Cir. 1990).

I Declare under Penalty of Perjury that the Foregoing is True and correct

Respectfully Submitted - Pro-SE
   David Waters # 141241
      BCC 1106 north AVE
      BPT conn 06604

Date
10-8-03

David Waters # 141241
Docket no# 3:02cv2031-DJS-TPS
            v.
Warden Brian K. Murphy

## Certification

David Waters 141241

I hereby certify that a copy of the foregoing was mailed to the following:
Assist Att Gen
At 110 Sherman St    Richard T. Biggar
on and about    Hartford, Conn 06106
                10-7-03 - 10-9-03

From Pro-se    David Waters # 141241 - 10-26-03
BCC 1106 North Ave
Bft Conn 06604