OCT 15 2003

FILED

2003 OCT 30 P 3:22

US DISTRICT COURT
BRIDGEPORT CT

David Waters # 141241
Docket no# 3:02cv2031 - DSS-TPS
  v.
Warden Brian K. Murphy et al.

Declaration in support of Plaintiff
motion for Partial summary Judgment

David Waters # 141241
  Declares under Penalty of
  Perjury:

1. I am the Plaintiff in this case.
The complaint alleges that I was
given a False Disciplinary report on 7-12-02
By counselor Ray Massa at Walker CI

2. The Disciplinary Hearing officer Murray
conducted a bias hearing, and
fail to call Plaintiff Five correctional
officer witness who all disputed
counselor Ray Massa claim of I
Threaten him."

David Waters # 141241
Docket no 3:02cv 2031 - DJS - TPS
     v.
Warden Brien K Murphy et al.

Declaration in support of
Plaintiff motion For Partial
Summary Judgment

3, On June 10-02 I the Plaintiff was transfer
   From Cheshire correctional Institution
   900 Highland Ave, Cheshire. Conn 06410.
   To Walker correctional Institution
   1153 East St south Suffield conn 06080

4, And on July 12-02. I David Waters #141241.
   was call into the counselor office by
   counselor Ray Mass, this counselor
   Approach the Plaintiff in a rude manner;"
   I sarcastically respondent." at this time
   The counselor engage in abusive and
   obscene language and intimidating behavior;"

David Waters # 141241
Docket no 3:02 cv 2031 - DJS - TPS

v.

Warden Brian K. Murphy et al

### Declaration in support of Plaintiff motion for Partial Summary Judgment

5, counselor Massa, walk toward me." I'm walking away from this counselor trying to maintain space between us. This counselor than leap at the Plaintiff trying to take away legal paper work out of my hand. at this time correctional Treatment officer. C.T.O. Mr. Miller And correctional officer. Mr. Frink. gave the Plaintiff a <u>Direct order</u> to leave The office, which I obey this order!" Please Read Disciplinary supplementary Information Investigation report belonging to one of The Five correctional officer witness. C.T.O. Mr. Miller, this is Tangible Evidence, that was Disregarded by Disciplinary Hearing officer Murray." on 7-24-02,

David Waters # 141241
Docket No 3: 02cv 2031 - DSS - TPS
    v,
Warden Brian K, Murphy et al

Declaration in support of
Plaintiff motion for Partail
Summary Judgment

6. As a result of the July 12-02 incident, I was served with a serious Disciplinary charges and Punish to Punitive and Administrative segregation From 7-12-02 to 3-21-03, because False Evidence was use at the hearing. And Creditable reliable Tangible evidence was Deliberately Disregarded is Denial of Due Process of law"

7, I then ask this Disciplinary Hearing officer Did she read my correctional officer witness statements. She then told me your witness statements, [Dont Hurt you or help you]

10-7-03

David Waters #141241
Docket # no 3:02 CV 2031-DJS-TPS
     v.
Warden Brian K Murphy et al.

Declaration in support of
Plaintiff motion for Partial
Summary Judgment

8. The usual Disciplinary Hearing officer Practices as outline. cordon rule copy A.D. 9.5. code Penal Discipline Memorandum of Page # 15 Subsection (I.) (which states witness may be Question by the Hearing officer) If Proper Procedures had been followed As Directed and outline of Page # 1. And subsection # 1. AD. 9.5. code of Penal Discipline - Policy as stated Herein Paragraphs, # 10 (Disciplinary action shall be timely, Impartial and be based on credible evidence of misconduct;"

Please read
9.5
code of Penal Discipline
All who refuse to support This counselor

10-7-03

David Waters #141241
Docket no# 3:02cv2031-DJS-TPS

v.

Warden Brian K. murphy et al

Declaration in support of
Plaintiff motion for Partial
Summary Judgment

11, consistently with Institutional Procedure,"
I File an administrative appeal
with the, Defendant. Brian K. murphy,
Pointing out the Disciplinary Hearing
Officer Lt. murray Professional
Deficiency by failing to call any of
my correctional officer witness for
Verification!" and that the guilty
Decision of this Disciplinary
Hearing officer Lt. murray is
Bias and lacks any Professionalism"
For serious allegation level against
The plaintiff, Proper Procedures
should have been carryout
By This Disciplinary Hearing officer
(By calling all my staff witness)!".

10-7-03

David Waters # 141241
Docket no# 3:02cv2031-DJS-TPS
   v.
Warden Brian K. Murphy et al

Declaration in support of Plaintiff motion For Partial Summary Judgment

12. The Defendants actions are not consistent with the Institutional Procedure and Policy And Administrative Directive # 2.17 Employee conduct Page # 1 Subsection (4.)

13. Warden refusal to correct False statement on his administraive Appeal, when all correctional officer witness statements, should have been consider, creditable reliable Tangible evidence, should have not been Disregarded By Defendants

David Waters II 146241
Docket no 3:02CV2031-DJS-TPS
v.
Warden Brian K. Murphy et al

Declaration in support of Plaintiff motion for partial summary judgment

14, on dates 7-12-02 and on 7-24-02 and on 8-2-02 Connecticut Department Correction mission statement
1, should promotes. Professionalism, respect, Integrity, Dignity and excellence

on 8-2-02 the above mission statement was Demolish and Demoralize by all Defendants

David Waters #141241
Docket no 3:02CV2031-DJS-TPS
v.
Warden Brian K. Murphy

Certification

David 141241
Waters

I hereby certify that a copy of the foregoing was mail to the following Assist Att Gen. Richard T. Biggar

At 110 Sherman St. Hartford conn 06106 on and about 10-7-03 or 10-9-03

From Pruse
David Waters #141241 - 10-26-03
BCC 1106 north Ave
B$T conn 06604